IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR SULIKOWSKI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security | : | NO. 20-3620 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                          April 26, 2021

Arthur Sulikowski ("Plaintiff") seeks review of the Commissioner's decision denying his claim for supplemental security income ("SSI"). For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

## I.     PROCEDURAL HISTORY

Plaintiff was born on October 18, 1971, and applied for SSI on January 9, 2017, alleging disability as of April 1, 2013, due to an unspecified mental disorder, depression, schizophrenia, sleep apnea, hypertension, HIV, and allergies. Tr. at 54-55, 161, 165. After his claim was denied initially, id. at 68-72, he requested a hearing before an administrative law judge ("ALJ"), id. at 77-79,[1] which occurred on November 28, 2018. Id. at 35-52. On February 11, 2019, the ALJ denied Plaintiff's claim. Id. at 10-22. On June 15, 2020, the Appeals Council denied Plaintiff's request for review, id. at 1-6,

---

[1] Plaintiff's September 27, 2017 request for an administrative hearing was found to have been filed late for "good cause." Tr. at 95-96, 203-04.

making the ALJ's February 11, 2019 decision the final decision of the Commissioner.  20 C.F.R. § 416.472.

Plaintiff initiated this action by filing his complaint on July 24, 2020.  Doc. 1.  In response to Plaintiff's brief in support of his request for review (Doc. 14), Defendant filed an uncontested motion for remand that does not specify the basis for the requested remand other than to say that further evaluation is warranted.  Doc. 15 ¶ 2.[2]  Defendant represents that on remand "the Commissioner . . . will offer Plaintiff the opportunity for a new hearing, take further action as warranted, and issue a new decision."  Id. ¶ 3.

## II.     DISCUSSION

Plaintiff challenges the merits of the ALJ's decision.  Because remand is uncontested, I will comment only briefly on Plaintiff's merits challenge.

Review of the record reveals that Plaintiff suffers from a significant number of impairments, with diagnoses including mood disorder not otherwise specified ("NOS"), major depressive disorder ("MDD"), schizophrenia, left shoulder impingement, obstructive sleep apnea, and chronic alcoholism, among others.  Tr., e.g., at 339-40, 375, 411, 421, 437, 462, 518, 559-62, 570, 577, 592, 602-03, 656.  Plaintiff argues that the ALJ improperly discounted the opinions of Plaintiff's treating psychologist and erred in her evaluation of Plaintiff's mental limitations, erroneously failed to find that Plaintiff's left shoulder impingement was a severe condition, and improperly failed to evaluate the

---

[2]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 6.

impact of Plaintiff's sleep apnea and chronic fatigue on his ability to perform sustained work.  Doc. 14 at 3-13.

In her decision, the ALJ found that Plaintiff has severe impairments of chronic alcoholism, liver damage, sleep apnea, disruptive mood dysregulation disorder, depression, and schizophrenia.  Tr. at 12.  The ALJ found that Plaintiff's left shoulder condition and diabetes are not severe impairments, and that none of his conditions met or medically equaled the listing of impairments.  Id. at 12-13.  She found that Plaintiff retains the RFC to perform the full range of work at all exertional levels, but with the following non-exertional limitations:

> [Plaintiff] can perform simple, routine work; he can interact with supervisors frequently, but never with coworkers or the public; he can tolerate few changes in routine work changes occasionally; and he can make simple work-related decisions.

Id. at 15.  The ALJ accepted the vocational expert's ("VE") testimony that a person with Plaintiff's vocational factors and RFC could perform work as floor cleaner, industrial cleaner, and hotel/office cleaner.  Id. at 21.

With respect to Plaintiff's mental health limitations, the record reveals that Michael Rabb, M.S., Ph.D, Plaintiff's treating psychologist, opined that Plaintiff is seriously limited in his ability to maintain attention for two-hour segments, complete a normal workday and workweek without interruptions from psychologically based symptoms, and get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; he is unable to meet competitive standards in his ability to work in coordination or proximity to others without being unduly distracted, perform at a consistent pace without an unreasonable number and length of rest periods, or

respond appropriately to changes in a routine work setting; and he has no useful ability to function in his ability to set realistic goals or make plans independently of others, interact appropriately with the public, and maintain socially appropriate behavior. Tr. at 439-40. Dr. Rabb indicated that Plaintiff has noticeable difficulty in, among other things, his ability to accept instructions and respond appropriately to criticism from supervisors, id. at 439, and that he "has low tolerance in dealing with general public and/or social interactions" and becomes "easily irritated . . . and angry." Id. at 440. In acknowledging that Plaintiff has a marked limitation in interacting with others, the ALJ noted that Plaintiff "lost a previous job because he engaged in arguments with supervisors." Id. at 14. This notation is consistent with the record, as Plaintiff lost several jobs due to difficulties getting along with his bosses, see 39-40 (testimony), 188 (Function Report), and Dr. Rabb opined that Plaintiff would find criticism from his supervisors to be stressful. Id. at 441. Nevertheless, the ALJ's RFC assessment and hypotheticals to the VE indicated that Plaintiff could "frequently" interact with supervisors. Id. at 15, 49-51.

Additionally, the ALJ emphasized Plaintiff's non-compliance with mental health treatment, see tr. at 18, 19, without exploring whether the non-compliance is attributable to his underlying mental illness. See 20 C.F.R. § 416.930(c) (Commissioner will consider whether there are acceptable reasons for failing to follow prescribed treatment). This omission is troublesome given Plaintiff's diagnosed schizophrenia and his testimony that he does not take anti-psychotic medications because they make him feel more paranoid and angry, and because he feels "extremely alone" when he does not hear voices. Tr. at 41.

With respect to Plaintiff's shoulder condition, the ALJ found that "[t]he record does not support any work-related limitations." Tr. at 12. In contrast to this finding, consultative examiner Mark Christopher, M.D., opined in a functional capacity assessment that Plaintiff could never reach with his left upper extremity. Id. at 425.

Lastly, with respect to Plaintiff's sleep apnea and chronic fatigue, the ALJ found that Plaintiff was not limited by his sleep apnea to the extent alleged. Tr. at 18. However, sleep disorder specialist Dimitri Markov, M.D., opined that Plaintiff's sleep apnea was "moderate," and Dr. Christopher noted that it was "uncontrolled." Id. at 559-61, 421. Plaintiff testified that he lost his most recent job because he fell asleep at work, and that he must take naps every day up to five times per day, id. at 40, 44, and his testimony is supported by sleep specialists who noted Plaintiff's struggle with excessive daytime sleepiness and regular napping. Id. at 557. The issue is important because the VE testified that falling asleep even once per day would preclude any work. Id. at 51.

For all of these reasons, I will grant the motion for remand.[3]

### III. CONCLUSION

For the foregoing reasons, I will grant the Defendant's unopposed motion for remand.

An appropriate Order and Judgment Order follow.

---

[3] Plaintiff also alleges a constitutional defect in the Commissioner's appointment. Doc. 14 at 14-15 (citing Seila Law, LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183 (June 29, 2020)). Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR SULIKOWSKI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of Social Security | : | NO. 20-3620 |

**O R D E R**

AND NOW, this 26th day of April 2021, upon consideration of Plaintiff's brief (Doc. 14), Defendant's unopposed Motion to Remand (Doc. 15), and the administrative record (Doc. 13), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED, and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ ELIZABETH T. HEY

ELIZABETH T. HEY, U.S.M.J.